# Exhibit A



**UNITED STATES OFFICE OF PERSONNEL MANAGEMENT**
Washington, DC 20415

The Director

> **Agencies should treat this memorandum as final guidance.**

| | |
|---|---|
| **TO:** | Heads and Acting Heads of Departments and Agencies |
| **FROM:** | Charles Ezell, Acting Director, U.S. Office of Personnel Management |
| **DATE:** | January 27, 2025 |
| **RE:** | Guidance on Implementing President Trump's Executive Order titled, *"Restoring Accountability To Policy-Influencing Positions Within the Federal Workforce"* |

On January 20, 2025, the President signed an Executive Order entitled, *"Restoring Accountability to Policy-Influencing Positions Within the Federal Workforce* (*"Restoring Accountability"*)."* This Executive Order reinstates and amends Executive Order 13957 of October 21, 2020.[1] It creates a new Schedule Policy/Career in the excepted service for positions that are of a confidential, policy-determining, policy-making, or policy-advocating character (policy-influencing positions) and filled by individuals not normally subject to replacement or change as a result of a Presidential transition. Such career positions will be rescheduled into Schedule Policy/Career and thereby exempted from the adverse action procedures set forth in chapter 75 of title 5 of the United States Code.

## I.    Position Reviews

The terms "confidential," "policy-determining," "policy-making," and "policy-advocating" in the Executive Order are drawn from 5 U.S.C. § 7511(b)(2) and 5 U.S.C. § 2302(a)(2)(B)(i). Neither the U.S. Code nor judicial precedents precisely define these terms in the context of their statutory usage. Although the Supreme Court has generally addressed the concepts of policymaking and confidential positions for purposes of state and local employee First Amendment rights[2], case law does not reach the President's authority, pursuant to the powers vested in him by the Constitution and laws, to delineate specific characteristics within the scope of the ordinary meaning of these terms for purposes of adding positions to a Schedule Policy/Career. *See, e.g.*, 5 U.S.C. § 7511(b)(2)(A) (expressly recognizing the President's authority to except from the

---

[1] A copy of the amended Executive Order 13957 that *Restoring Accountability* puts into effect is attached as Appendix 1.

[2] *See, e.g., Elrod v. Burns*, 427 U.S. 347, 367–68 (1976) (plurality opinion).

competitive service positions that he determines "to be of a confidential, policy-determining, policy-making or policy-advocating character").[3]

In Section 5(c) of Executive Order 13957, as amended, the President provided guideposts for agencies about the characteristics suggesting that a position category belongs in Schedule Policy/Career, including positions and job categories involving:

- "substantive participation in the advocacy for or development or formulation of policy, especially: (A) substantive participation in the development or drafting of regulations and guidance; or (B) substantive policy-related work in an agency or agency component that primarily focuses on policy";

- "the supervision of attorneys";

- "substantial discretion to determine the manner in which the agency exercises functions committed to the agency by law";

- "viewing, circulating, or otherwise working with proposed regulations, guidance, executive orders, or other non-public policy proposals or deliberations generally covered by deliberative process privilege and either: (A) directly reporting to or regularly working with an individual appointed by either the President or an agency head who is paid at a rate not less than that earned by employees at Grade 13 of the General Schedule; or (B) working in the agency or agency component executive secretariat (or equivalent)";

- "conducting, on the agency's behalf, collective bargaining negotiations under chapter 71 of title 5, United States Code";

- "directly or indirectly supervising employees in Schedule Policy/Career positions"; or

- "duties that the Director [of the Office of Personnel Management] otherwise indicates may be appropriate for inclusion in Schedule Policy/Career."

Section 5 of *Restoring Accountability* directed the Office of Personnel Management (OPM) to provide guidance about additional categories of positions that executive departments and agencies should consider recommending for Schedule Policy/Career.[4] Pursuant to that directive, OPM is issuing interim guidance about the types of positions

---

[3] *See also Stanley v. Department of Justice*, 423 F. 3d 1271 (Fed. Cir. 2005); *Stanley v. Gonzales, 476 F. 3d 653* (9th Cir. 2007).

[4] *Restoring Accountability* gave OPM until February 19, 2025 to issue final guidance on additional types of positions agencies should consider in their Policy/Career reviews. OPM will issue final guidance prior to that date.

agencies should consider for Schedule Policy/Career. Such positions are those whose duties include:

- functions statutorily described as important policy-making or policy-determining functions, principally[5]:

    o directing the work of an organizational unit;

    o being held accountable for the success of one or more specific programs or projects; or

    o monitoring progress toward organizational goals and periodically evaluating and making appropriate adjustments to such goals;

- authority to bind the agency to a position, policy, or course of action either without higher-level review or with only limited higher-level review;

- delegated or subdelegated authority to make decisions committed by law to the discretion of the agency head;

- substantive participation and discretionary authority in agency grantmaking, such as the substantive exercise of discretion in the drafting of funding opportunity announcements, evaluation of grant applications, or recommending or selecting grant recipients;

- advocating for the policies (including future appropriations) of the agency or the administration before different governmental entities, such as by performing functions typically undertaken by an agency office of legislative affairs or intergovernmental affairs, or by presenting program resource requirements to examiners from the Office of Management and Budget in preparation of the annual President's Budget Request;

- publicly advocating for the policies of the agency or the administration, including before the news media or on social media; or

- positions described by their position descriptions as entailing policy-making, policy-determining, or policy-advocating duties.

Executive Order 13957, as amended, directs each agency head to review positions within his or her agency and identify those appropriately categorized as policy-influencing. Agency heads will then petition OPM to recommend that the President

---

[5] 5 U.S.C. 3132(a)(2) defines the Senior Executive Service as positions classified above GS-15 that perform various important policy-making or policy-determining functions. Positions classified at or below grade 15 of the General Schedule that perform those same functions are consequently policy-determining or policy-making and appropriate for consideration for inclusion in Schedule Policy/Career.

place those positions in Schedule Policy/Career. A new executive order will subsequently effectuate the transfers into Schedule Policy/Career. Agencies have 90 days to conduct a preliminary review of positions and submit petitions, with an additional 120 days to finalize their review and submit any remaining petitions. Agencies may, and are encouraged to, submit such petitions on a rolling basis.

The position attributes described in section 5(c) and this memorandum are guideposts; they are not determinative. Agencies may include positions in their petitions based on additional characteristics not expressly specified in section 5(c) of Executive Order 13957 or in this memorandum, and OPM may recommend that the President except those positions so long as the agency demonstrates that the position is of a confidential, policy-determining, policy-making, or policy-advocating character. Conversely, OPM is not required to recommend that the President transfer positions to Schedule Policy/Career simply because they fall within the guideposts provided by section 5(c) or by this memorandum. OPM retains discretion to determine which categories and types of positions it will recommend for Schedule Policy/Career, and the President will make the final determination about which positions to transfer.

## II.    Status of Biden Administration Regulations

In 2024, OPM issued a rule amending the civil service regulations to impede the implementation of Executive Order 13957 should a future administration reissue it. *See* "Upholding Civil Service Protections and Merit System Principles", 89 FR 24982 (April 9, 2024). *Restoring Accountability* broadly directs OPM to rescind these regulatory amendments. It also directly nullified some portions of that rule.

OPM issued parts of the April 2024 rule using delegated Presidential authority. Specifically, OPM used delegated Presidential authority under 5 U.S.C. §§ 3301 and 3302 to regulatorily define the phrases "confidential, policy-determining, policy-making, or policy-advocating" and "confidential or policy-determining" to refer only to noncareer political appointees and to have no application to career positions. *See* 5 CFR § 210.102(b)(3), (b)(4). OPM also used these authorities to add a new subpart F to 5 CFR Part 302. Subpart F imposed procedural obstacles to moving career positions into policy-influencing excepted service schedules.

In *Restoring Accountability*, President Trump used his authority under the Constitution and 5 U.S.C. §§ 3301 and 3302 to directly nullify these regulations. Section 4 of *Restoring Accountability* provides that, until OPM effectuates their formal rescission "5 CFR part 302, subpart F, 5 CFR 210.102(b)(3), and 5 CFR 210.102(b)(4) shall be held inoperative and without effect." This presidential directive immediately superseded OPM regulations issued using delegated presidential authority. In conducting their reviews of policy-influencing positions agencies shall accordingly disregard the provisions of 5 CFR part 302, subpart F, 5 CFR 210.102(b)(3), and 5 CFR 210.102(b)(4). The U.S. Merit Systems Protection Board lacks authority to hear appeals pursuant to the now-inoperative subpart F for the same reason. OPM's October 25, 2024, guidance document

entitled "Implementing Guidance for Upholding Civil Service Protections and Merit System Principles Regulations" is hereby rescinded in its entirety.

### III.    Procedures for Position Reviews

While 5 CFR Part 302, subpart F and 5 CFR 210.102(b) no longer govern agency reviews of policy-influencing positions, Executive Order 13957 requires all agency petitions to "include a written explanation documenting the basis for the agency head's determination that such position[s] should be placed in Schedule Policy/Career." Written explanations must demonstrate that the position's duties are policy-determining, policy-making, or policy-advocating, or require working closely with senior officials in the case of confidential positions. That objective definition of the position's duties must be derived from a statute, regulation, or internal agency document such as the position description.

Importantly, the individualized characteristics and attributes of the particular employee encumbering a position are irrelevant to whether the underlying position or office itself is appropriately categorized into Schedule Policy/Career.

Each agency should designate a Schedule Policy/Career Point of Contact and notify OPM at employ@opm.gov of that person's name and contact information no later than **Wednesday, January 29, 2025**.

Executive Order 13957 gives agencies 90 days to submit interim recommendations on positions appropriate to be placed into Policy/Career. Please submit petitions to reschedule positions to Schedule Policy/Career by emailing OPM at employ@opm.gov, SUBJECT: Schedule Policy/Career, no later than **Sunday, April 20, 2025**. OPM will provide templates to agency points of contact for use. Agencies are encouraged to submit recommendations on a rolling basis before this date.

### IV.    Patronage Remains Prohibited

Executive Order 13957, as amended, makes clear that positions moved into Schedule Policy/Career remain career positions. Sections 2 and 3 of the order definitionally exclude from Schedule Policy/Career any positions filled with input from the White House Office of Presidential Personnel, i.e., positions filled on a political basis. Section 4(b) of the order further directs OPM to issue regulations prescribing conditions under which excepted service positions will be filled in the same manner as competitive service positions, and under which incumbents in such positions can acquire competitive status.

OPM anticipates proposing regulations that will provide that Schedule Policy/Career positions will be filled using the procedures applicable to filling competitive service vacancies, unless those positions would have been filled using excepted hiring procedures had they not been placed in Schedule Policy/Career. Under this proposal, competitive service positions rescheduled into Schedule Policy/Career

will generally continue to be filled using competitive hiring procedures, while positions rescheduled from an excepted service schedule will continue to be filled using excepted hiring procedures. Under either scenario, agencies will be forbidden from making Schedule Policy/Career appointments based on political affiliation. Rather, they will hire the candidates with the knowledge, skills, abilities, and experience that make them best equipped for the position.

Section 6(a) reinforces this prohibition on patronage. It requires agencies to establish rules to prohibit the same personnel practices prohibited by section 2302(b) of title 5, United States Code, with respect to any employee or applicant for employment in Schedule Policy/Career. This prohibits, *inter alia*, discrimination based upon political affiliation. OPM will issue further guidance providing model rules that will satisfy these requirements. Agency deviation from this guidance will require authorization from the OPM Director.

Section 6(b) clarifies what is expected of career employees in or applicants for Schedule Policy/Career positions. They are not required to personally or politically support the current President or the policies of the current administration. They are required to faithfully implement administration policies to the best of their ability. Failure to do so will be grounds for dismissal.

For questions regarding implementation, please contact employ@opm.gov and include 'Schedule Policy/Career' in the subject line of the email.

cc: Chief Human Capital Officers (CHCOs), Deputy CHCOs, and Human Resources Directors

Appendix 1: Amended Executive Order 13957

That is Made Effective by *Restoring Accountability*

Executive Order

Creating Schedule Policy/Career in the Excepted Service

By the authority vested in me as President by the Constitution and the laws of the United States of America, including sections 3301, 3302, and 7511 of title 5, United States Code, it is hereby ordered as follows:

**Section 1**. *Policy*. To effectively carry out the broad array of activities assigned to the executive branch under law, the President and his appointees must rely on men and women in the Federal service employed in positions of a confidential, policy-determining, policy-making, or policy-advocating character. Faithful execution of the law requires that the President have appropriate management oversight regarding this select cadre of professionals.

The Federal Government benefits from career professionals in positions that are not normally subject to change as a result of a Presidential transition but who discharge significant duties and exercise significant discretion in formulating and implementing executive branch policy and programs under the laws of the United States. The heads of executive departments and agencies (agencies) and the American people also entrust these career professionals with non-public information that must be kept confidential.

With the exception of attorneys in the Federal service who are appointed pursuant to Schedule A of the excepted service and members of the Senior Executive Service, appointments to these positions are generally made through the competitive service. Given the importance of the functions they discharge, employees in such positions must display appropriate temperament, acumen, impartiality, and sound judgment.

Due to these requirements, agencies should have a greater degree of appointment flexibility with respect to these employees than is afforded by the existing competitive service process.

Further, effective performance management of employees in confidential, policy-determining, policy-making, or policy-advocating positions is of the utmost importance. Unfortunately, the Government's current performance management is inadequate, as recognized by Federal workers themselves. For instance, the 2016 Merit

Principles Survey reveals that less than a quarter of Federal employees believe their agency addresses poor performers effectively.

Separating employees who cannot or will not meet required performance standards is important, and it is particularly important with regard to employees in confidential, policy-determining, policy-making, or policy-advocating positions. High performance by such employees can meaningfully enhance agency operations, while poor performance can significantly hinder them. Senior agency officials report that poor performance by career employees in policy-relevant positions has resulted in long delays and substandard-quality work for important agency projects, such as drafting and issuing regulations.

Pursuant to my authority under section 3302(1) of title 5, United States Code, I find that conditions of good administration make necessary excepting such positions from the competitive service and the adverse action procedures set forth in chapter 75 of title 5, United States Code. Chapter 75 of title 5, United States Code, requires agencies to comply with extensive procedures before taking adverse action against an employee. These requirements can make removing poorly performing employees difficult. Only a quarter of Federal supervisors are confident that they could remove a poor performer. Career employees in confidential, policy-determining, policy-making, and policy-advocating positions wield significant influence over Government operations and effectiveness. Agencies need the flexibility to expeditiously remove poorly performing employees from these positions without facing extensive delays or litigation.

**Sec. 2**. *Definition*. The phrase "normally subject to change as a result of a Presidential transition" refers to positions whose occupants are, as a matter of practice, expected to resign upon a Presidential transition and includes all positions whose appointment requires the assent of the White House Office of Presidential Personnel.

**Sec. 3**. *Excepted Service*. Appointments of individuals to positions of a confidential, policy-determining, policy-making, or policy-advocating character that are not normally subject to change as a result of a Presidential transition shall be made under Schedule Policy/Career of the excepted service, as established by section 4 of this order.

**Sec. 4**. *Schedule Policy/Career of the Excepted Service*. (a) Civil Service Rule VI is amended as follows:

(i) 5 CFR 6.2 is amended to read:

"OPM shall list positions that it excepts from the competitive service in Schedules A, B, C, D, E, and Policy/Career, which schedules shall constitute parts of this rule, as follows:

Schedule A. Positions other than those of a confidential or policy-determining character for which it is not practicable to examine shall be listed in Schedule A.

Schedule B. Positions other than those of a confidential or policy-determining character for which it is not practicable to hold a competitive examination shall be listed in Schedule B. Appointments to these positions shall be subject to such noncompetitive examination as may be prescribed by OPM.

Schedule C. Positions of a confidential or policy-determining character normally subject to change as a result of a Presidential transition shall be listed in Schedule C.

Schedule D. Positions other than those of a confidential or policy-determining character for which the competitive service requirements make impracticable the adequate recruitment of sufficient numbers of students attending qualifying educational institutions or individuals who have recently completed qualifying educational programs. These positions, which are temporarily placed in the excepted service to enable more effective recruitment from all segments of society by using means of recruiting and assessing candidates that diverge from the rules generally applicable to the competitive service, shall be listed in Schedule D.

Schedule E. Position of administrative law judge appointed under 5 U.S.C. 3105. Conditions of good administration warrant that the position of administrative law judge be placed in the excepted service and that appointment to this position not be subject to the requirements of 5 CFR, part 302, including examination and rating requirements, though each agency shall follow the principle of veteran preference as far as administratively feasible.

Schedule Policy/Career. Career positions of a confidential, policy-determining, policy-making, or policy-advocating character not normally subject to change as a result of a Presidential transition shall be listed in Schedule Policy/Career. In appointing an individual to a position in Schedule Policy/Career, each agency

shall follow the principle of veteran preference as far as administratively feasible."

(ii) 5 CFR 6.4 is amended to read:

"Except as required by statute, the Civil Service Rules and Regulations shall not apply to removals from positions listed in Schedules A, C, D, E, or Policy/Career, or from positions excepted from the competitive service by statute. The Civil Service Rules and Regulations shall apply to removals from positions listed in Schedule B of persons who have competitive status."

(b) The Director of the Office of Personnel Management (Director) shall:

(i) adopt such regulations as the Director determines may be necessary to implement this order, including, as appropriate, providing for the application of Civil Service Rule 6.3(a) to Schedule Policy/Career positions and amendments to or rescissions of regulations that are inconsistent with, or that would impede the implementation of, this order, giving particular attention to 5 CFR, part 212, subpart D; 5 CFR, part 213, subparts A and C; and 5 CFR 302.101; and

(ii) provide guidance on conducting a swift, orderly transition from existing appointment processes to the Schedule Policy/Career process established by this order.

Sec. 5. *Agency Actions*. (a) Each head of an executive agency (as defined in section 105 of title 5, United States Code, but excluding the Government Accountability Office) shall conduct, within 90 days of the date of this order, a preliminary review of agency positions covered by subchapter II of chapter 75 of title 5, United States Code, and shall conduct a complete review of such positions within 210 days of the date of this order. Thereafter, each agency head shall conduct a review of agency positions covered by subchapter II of chapter 75 of title 5, United States Code, on at least an annual basis. Following such reviews each agency head shall:

(i) for positions not excepted from the competitive service by statute, petition the Director to recommend that the President place in Schedule Policy/Career any such competitive service, Schedule A, Schedule B, or Schedule D positions within the agency that the agency head determines to be of a confidential, policy-determining, policy-making, or policy-advocating character and that are not normally subject to change as a result of a Presidential transition. Any such petition shall include a written explanation documenting the basis for the

agency head's determination that such position should be placed in Schedule Policy/Career; and

(ii) for positions excepted from the competitive service by statute, determine which such positions are of a confidential, policy-determining, policy-making, or policy-advocating character and are not normally subject to change as a result of a Presidential transition. The agency head shall publish this determination in the Federal Register. Such positions shall be considered Schedule Policy/Career positions for the purposes of agency actions under sections 5(d) and 6 of this order.

(b) The requirements set forth in subsection (a) of this section shall apply to currently existing positions and newly created positions.

(c) When conducting the review required by subsection (a) of this section, each agency head should give particular consideration to the appropriateness of either petitioning the Director to place in Schedule Policy/Career or including in the determination published in the Federal Register, as applicable, positions whose duties include the following:

(i) substantive participation in the advocacy for or development or formulation of policy, especially:

(A) substantive participation in the development or drafting of regulations and guidance; or

(B) substantive policy-related work in an agency or agency component that primarily focuses on policy;

(ii) the supervision of attorneys;

(iii) substantial discretion to determine the manner in which the agency exercises functions committed to the agency by law;

(iv) viewing, circulating, or otherwise working with proposed regulations, guidance, executive orders, or other non-public policy proposals or deliberations generally covered by deliberative process privilege and either:

> (A) directly reporting to or regularly working with an individual appointed by either the President or an agency head who is paid at a rate not less than that earned by employees at Grade 13 of the General Schedule; or
>
> (B) working in the agency or agency component executive secretariat (or equivalent);

> (v) conducting, on the agency's behalf, collective bargaining negotiations under chapter 71 of title 5, United States Code;

> (vi) directly or indirectly supervising employees in Schedule Policy/Career positions;

> (vii) duties that the Director indicates are otherwise appropriate for inclusion in Schedule Policy/Career.

(d) The Director shall promptly recommend to the President which positions should be placed in Schedule Policy/Career.

(e) Each agency head shall, as necessary and appropriate, expeditiously petition the Federal Labor Relations Authority to determine whether any Schedule Policy/Career position must be excluded from a collective bargaining unit under section 7112(b) of title 5, United States Code, paying particular attention to the question of whether incumbents in such positions are required or authorized to formulate, determine, or influence the policies of the agency.

**Sec. 6**. *Prohibited Personnel Practices Prohibited*. (a) Agencies shall establish rules to prohibit the same personnel practices prohibited by section 2302(b) of title 5, United States Code, with respect to any employee or applicant for employment in Schedule Policy/Career of the excepted service.

(b) Employees in or applicants for Schedule Policy/Career positions are not required to personally or politically support the current President or the policies of the current administration. They are required to faithfully implement administration policies to the best of their ability, consistent with their constitutional oath and the vesting of executive authority solely in the President.  Failure to do so is grounds for dismissal.

**Sec. 7**. *General Provisions*. (a) Nothing in this order shall be construed to impair or otherwise affect:

(i) the authority granted by law to an executive department or agency, or the head thereof; or

(ii) the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

(b) This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

(c) This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

(d) If any provision of this order, or the application of any provision to any person or circumstances, is held to be invalid, the remainder of this order and the application of any of its other provisions to any other persons or circumstances shall not be affected thereby.

(e) Nothing in this order shall be construed to limit or narrow the positions that are or may be listed in Schedule C.