## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*, | |
| *Plaintiffs,* | Case No. 1:25-cv-00264-JMC |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States of America, *et al.*, | |
| *Defendants*. | |

## PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS

Plaintiffs AFGE and AFSCME respectfully request an extension of time to respond to Defendants' Motion to Dismiss to avoid unnecessary litigation and expenditure of time by the Court.

This case challenges actions by the current presidential administration to remove civil service protections for federal employees. On January 20, 2025, President Trump issued Executive Order 14,171, *Restoring Accountability to Policy-Influencing Positions Within the Federal Workforce*. The Executive Order established a new classification for federal employees, known as Schedule Policy/Career, which lacks the civil service protections to which most federal employees are entitled. It also directed agencies to identify positions to be moved into Schedule Policy/Career, declared inoperative portions of Office of Personnel Management (OPM) regulations issued under the prior presidential administration, and directed OPM to issue new regulations to rescind the prior administration's regulations.

AFGE and AFSCME sued, bringing two causes of action challenging the administration's circumvention of Administrative Procedure Act notice-and-comment rulemaking provisions in its attempt to invalidate the prior OPM regulations. Compl. ¶¶ 72-87, ECF No. 1.

Since then, however, two developments now lead Plaintiffs to seek the instant relief. First, on March 31, 2025, the government confirmed that no challenged movement of employees will occur until OPM completes the rulemaking as directed in Executive Order 14,171. This development means there is no pressing need to move forward with this case now. Second, on April 23, 2025, OPM formally began the new rulemaking process, publishing a lengthy Proposed Rule in the Federal Register on the subject matter of this case. 90 Fed. Reg. 17182 (Apr. 23, 2025). This development means that moving forward with the case now will be inefficient.

On Friday, April 18, the day the proposed rule was available for public inspection (but before it was published in the Federal Register), counsel for Plaintiffs reached out to counsel for Defendants to suggest delaying their forthcoming Motion to Dismiss in light of the impending Notice of Proposed Rulemaking. Defendants nonetheless decided to file their motion. Prior to filing the instant motion, counsel for Plaintiffs again consulted with counsel for Defendants, who do not consent to the motion.[1] That is in tension with past practice. The Department of Justice often jointly or unilaterally seeks to stay cases pending completion of rulemaking proceedings. *See, e.g.*, *Second Amend. Found. v. Bureau of Alcohol Tobacco, Firearms, & Explosives*, No. 3:21-CV-0116-B, 2023 WL 4304760, at *3 (N.D. Tex. June 30, 2023) (citing government's consent

---

[1] Counsel for the government asked that their position be represented as follows: "We do not consent to an enlargement of time for response that would suspend the deadline to 35 days after the issuance of the final rule. We think that the presently agreed schedule for the motion to dismiss is appropriate. We would be happy to consent to specific extensions of the response deadline for good cause, such as 30 days for the presently due response."

stay motion); *Nat'l PFAS Contamination Coal. v. U.S. Env't Prot. Agency*, No. CV 22-132 (JDB), 2023 WL 22078, at *3-5 (D.D.C. Jan. 3, 2023) (granting government's opposed stay motion).

There is every reason to grant Plaintiffs' motion. The Proposed Rule referenced above engages in the very notice-and-comment rulemaking Plaintiffs contend was circumvented. The conclusion of the rulemaking process could potentially moot or narrow those claims. Any work the parties and the Court put into analyzing those claims will accordingly be wasted.

Under these circumstances, it is in the interest of judicial efficiency to postpone briefing and ruling on the Motion to Dismiss until the rulemaking that is currently in process concludes. This Court has "broad discretion to stay proceedings as an incident to its power to control its docket." *Nat'l PFAS Contamination Coal.*, 2023 WL 22078 at *3 (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Accordingly, it "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Id.* (quoting *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004)).

Courts have taken similar action in similar circumstances. For instance, the District Court of the District of Columbia stayed a case for several months where an agency's expected action could moot some of the claims "because it will conserve the resources of the Court and ultimately could lead to a narrowing or elimination of at least some of the issues in dispute." *Oceana, Inc. v. Bryson*, No. CV 08-1881 (PLF), 2012 WL 13060013, at *2 (D.D.C. Mar. 22, 2012). And the District Court for the District of Vermont has likewise stayed a case in light of an agency's forthcoming issuance of a final rule that "may resolve this lawsuit, narrow the issues, or shed light on the issues presented." *Tanner v. Ausman*, No. CIV. A. 91-1, 1992 WL 540813, at *1 (D. Vt. Jan. 29, 1992).

To preserve the Court's resources in the most straightforward way (and as opposed to, for instance, seeking a stay which the Court would subsequently need to lift), Plaintiffs request that the Court simply extend the time to respond to the pending Motion to Dismiss for 35 days after the Proposed Rule becomes final. This will serve as a placeholder to give the parties time to determine how to proceed after the rulemaking. Reflecting the changed landscape, Plaintiffs may seek leave after rulemaking concludes to file a First Amended Complaint. In any event, this schedule would allow the parties to propose a means of resolving any issues post-Final Rule in an efficient manner.

Date: April 28, 2025                              Respectfully submitted,


                                                 /s/ *Abigail V. Carter*
                                                 Abigail V. Carter (DC Bar ID: 1671394)
                                                 J. Alexander Rowell (DC Bar ID: 1780007)
                                                 BREDHOFF & KAISER, P.L.L.C.
                                                 805 Fifteenth Street, N.W. Suite 1000
                                                 Washington, D.C. 20005
                                                 (202) 842-2600
                                                 (202) 842-1888 (fax)
                                                 acarter@bredhoff.com
                                                 arowell@bredhoff.com

                                                 Elena Goldstein*
                                                 Mark B. Samburg (DC Bar ID: 1018533)
                                                 DEMOCRACY FORWARD FOUNDATION
                                                 P.O. Box 34553
                                                 Washington, D.C. 20043
                                                 (202) 448-9090
                                                 (202) 796-4426 (fax)
                                                 egoldstein@democracyforward.org
                                                 msamburg@democracyforward.org

                                                 *Admitted *pro hac vice*
                                                 *Counsel for Plaintiffs AFGE and AFSCME*

Rushab B. Sanghvi (DC Bar ID: 1012814)
Andres M. Grajales (DC Bar ID: 476894)
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, DC 20001
(202) 639-6426
SanghR@afge.org
Grajaa@afge.org

*Counsel for Plaintiff American Federation
of Government Employees (AFGE)*

Teague P. Paterson (DC Bar ID: 144528)
Matthew S. Blumin (DC Bar ID: 1007008)
AMERICAN FEDERATION OF
STATE, COUNTY, AND MUNICIPAL
EMPLOYEES, AFL-CIO
1101 17th Street N.W. Suite 900
Washington, DC 20036
(202) 775-5900
(202) 452-0556 (fax)
tpaterson@afscme.org
mblumin@afscme.org

*Counsel for Plaintiff American Federation of State
County and Municipal Employees, AFL-CIO
(AFSCME)*